UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

TEAMSTERS LOCAL 456 PENSION, HEALTH
& WELFARE, ANNUITY, EDUCATION &
TRAINING, INDUSTRY ADVANCEMENT, and
LEGAL SERVICES FUNDS by Louis A. Picani,
Joseph Sansone, Dominick Cassanelli, Jr., Saul
Singer, Ross Pepe, and Jeffrey Isaacs as Trustees
and fiduciaries of the Funds, and WESTCHESTER
TEAMSTERS LOCAL UNION NO. 456,

                Plaintiffs,

      - against -

LUMIA LEASING INC. a/k/a LUMIA LEASING,
INC., CRL TRANSPORTATION, INC. and
CHRISTOPHER LUMIA, INDIVIDUALLY,

                Defendants.

Civil Action No.
7:20-cv-02420-KMK

------------------------------------------------------------------- x

## STIPULATION AND ORDER OF CONFIDENTIALITY

        It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings:

(a)    An attorney for a producing party may designate documents or parts thereof as confidential by stamping the word "confidential" on each page. Documents relating to non-party employers with a collective bargaining and benefits-contributing relationship with Plaintiffs and documents related to Defendants' financial transactions i.e. bank account statements and invoices to non-parties are presumed confidential.

(b)    Any Personally Identifying Information ("PII") (e.g. social security numbers, financial account numbers, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach.

(c)    Absent a court order, documents marked confidential relating to and/or received from non-parties shall only be used for purposes of this case by the party receiving said documents.

(d)    At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in

1

accordance with this order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential Information" by the reporter. The party asserting that any portion of the testimony is confidential will also instruct the court reporter to provide a separate binding for pages marked as revealing confidential information.

(e) Documents designated "confidential" shall be shown only to the attorneys, parties, experts, actual or proposed witnesses, court personnel and other persons necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents shall first be shown a copy of this order and shall further be advised of the obligation to honor the confidential designation. Before confidential documents are shown to experts, actual witnesses, or proposed witnesses, each person must agree to be bound by this order by signing a document substantially in the form of <u>Exhibit A</u>. If such person refuses to sign a document substantially in the form of <u>Exhibit A</u>, the party desiring to disclose the confidential information may seek appropriate relief from the Court..

(f) Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(g) The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as "confidential," the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this Order.

(h) If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

(i) . Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

(j) If a party inadvertently disclosed Confidential Information, the party should immediately inform the other parties and take steps to remediate the inadvertent disclosure.

(k) Within a reasonable period after the conclusion of the litigation, all confidential material shall be returned to the respective producing parties or destroyed by the recipients.

(l) In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

(m) This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

(n) Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

(o) This Agreement may be executed in counterparts and copied versions shall be treated as originals.

Dated: February 17, 2021

**SO ORDERED**

_____
Honorable Paul E. Davison
United States Magistrate Judge

**COHEN, WEISS AND SIMON LLP**

By: _____
Michael S. Adler
900 Third Avenue, Suite 2100
New York, NY 10022-4869
Telephone: (212) 356-4100

*Counsel for Plaintiffs*

**KARIN ARROSPIDE, ESQ.**

By: _____
50 Main Street
Suite 1000
White Plains, New York 10606
Telephone: (914) 682-2024

*Counsel for Defendants*

**EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled: *Teamsters Local 456 Funds v. Lumia Leasing, et al*., Case No. 7:20-cv-02420 (KMK) [S.D.N.Y.], have been designated as confidential. I have been informed that any such documents or information labeled "confidential" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____ _/s/ Michael S. Adler_____ DATED:__February 17, 2021_____
[Signature]


___Michael S. Adler_____
(Attorney)